White, J.
The issues of fact having been found by the court below against the plaintiffs in error, two questions only arise on the record. These are (1) whether the court erred in sustaining the demurrer to the defense setting up the statute of frauds; and (2) in sustaining the demurrer to the third defense, which set up that the indebtedness on which the judgment was rendered was only three hundred dollars, and that the judgment was recovered for a larger amount by reason of the negligence of the judgment debtor in defending the action.
The first of these alleged errors we do not understand to-be now insisted upon in argument. It is sufficient to sayr in regard to it, that the demurrer was properly sustained. The promise in question was an original one, and, as respects the statute of frauds, the effect of .the promise-would be the same, whether the payment was to be made to the grantor or to his creditors.
In regard to the second alleged error, two proposition® are relied on by the plaintiffs in error: 1. That the property conveyed by the judgment debtor to his sons, William and Philip, ought not to be exclusively subjected to the *437 payment of the judgment until the judgment creditor •obtained judgment on such promise against their personal representatives. 2. That the plaintiffs in error are not bound, either as parties or privies, by the judgment.
Of these propositions in their order:
1. The creditor could not be compelled to resort to the •promise, the record showing that the property received by 'William and Philip was largely in excess of that for which •they assumed to pay. The debtor divided among his children all his property; the promise, therefore, was for the protection of the other donees, who had an equitable right -to its performance. If the debts were paid, the property .given to them would be discharged from liability; if they were not paid, such property was liable to be subjected to •such payment. As between the other donees, and William and Philip, the latter were primarily bound to pay the debts .and save the latter harmless therefrom. As the obligation related to the property with which the court was dealing^ we see no objection to its enforcement in that suit.
2. The second proposition is equally untenable.
In a suit by a creditor, to subject to the payment of his judgment the property of his debtor fraudulently conveyed, the judgment, in the absence of fraud or collusion in obtaining it, is conclusive evidence both as to the fact and the amount of indebtedness. Gandie v. Lord, 2 Comst. 269; JStarr v. Starr et al., 1 Ohio, 321. And it can make no difference whether the conveyance is fraudulent in fact or fraudulent in law.
The issue tendered by the plaintiffs in error, that the judgment was obtained by-fraud and collusion, was found •against them. The defense, setting up that only three hundred dollars were due the creditor, and that judgment was recovered for a larger amount by the negligence of the debtor, was immaterial, except in so far as the matter thus set up tended to show collusion or fraud. No facts are stated to show in what the negligence of the debtor consisted.' It is not stated that he did not make defense to the action, nor is it alleged that the claim was not asserted in good faith.
*438 The ground relied on is that the plaintiffs in error are not bound by the judgment, because, it is said, they are not in privity with the judgment debtor.
We think otherwise. They claim the land in controversy under the judgment debtor, and are thus in privity with him. At the time of the conveyance, the land was liable for the payment of the debts of the grantor. The cojiveyance being voluntary, the grantees took the property subject to the right, implied by law, in existing creditors to have it appropriated to the payment of such demands as might in good faith be adjudged in their favor against the grantor.
If the judgment does not bind the grantees, it wouldseem to'follow that the creditor would not be bound by it; aud that if the amount of the indebtedness could be diminished-at the instance of one party, it could be increased at the instance of the other.
In our view, the judgment is conclusive, not only as between the parties to it, but as between and against the-parties to whom the judgment debtor had conveyed the property sought to be subjected to its payment; and this-conclusive effect of the judgment is not affected by the fact that it was recovered after the making of the conveyance.

Leave refused.

Hat, C. J., McIlvaine and Rex, JJ., concurring. Welch,, J., not sitting.